IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK MCALISTER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. CIV-14-1351-D |
| FORD MOTOR COMPANY, ) ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Ford Motor Company's Partial Motion to Dismiss [Doc. No. 8], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response, and the Motion is fully briefed.

Plaintiff Jack McAlister claims that Defendant Ford Motor Company has violated the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; breached express and implied warranties arising under Oklahoma's Uniformed Commercial Code, Okla. Stat. tit. 12A, § 2-101 *et seq.*; violated the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, § 751 *et seq.*; committed common law torts of manufacturer's product liability and negligence; was unjustly enriched; and engaged in fraudulent concealment. The subject of Plaintiff's claims is the 6.7L Power Stroke diesel engine designed and manufactured by Defendant, and installed in a large number of Defendant's trucks, vans, and sport utility vehicles since 2010. Plaintiff alleges that the subject engine has defects in design that allow water intrusion into the fuel system, which causes rust and, in turn, damages fuel system components leading to costly repairs. The Complaint includes class action allegations by

which Plaintiff proposes to bring suit on behalf of a class of similarly situated individuals who purchased or leased a motor vehicle containing the subject engine.

Defendant moves to dismiss certain claims, asserting: 1) the economic loss doctrine bars recovery in tort and requires dismissal of the manufacturer's product liability and negligence claims; 2) fraudulent concealment is not a claim on which relief can be granted under Oklahoma law; and 3) Plaintiff has failed to plead sufficient facts to support an OCPA claim.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Discussion

**A.      Impact of the Economic Loss Doctrine**

Plaintiff asserts in Count III of the Complaint a manufacturer's product liability claim, alleging Defendant's 6.7L Power Stroke diesel engine was defectively designed and

manufactured. *See* Compl. [Doc. No. 1], ¶¶ 61-68. Plaintiff also claims in Count IV that Defendant was negligent in designing and manufacturing a defective product, negligent in failing to protect consumers from risk of harm, negligent in its response to consumer issues, and negligent in failing to perform repairs. *Id*. ¶¶ 70-75.

Defendant asserts in its Motion that "the economic loss doctrine bars the relief Plaintiff seeks in tort." *See* Def.'s Mot. & Br. [Doc. No. 8], p.2. The Oklahoma Supreme Court adopted the doctrine in *Waggoner v. Town & Country Mobile Homes, Inc.*, 808 P.2d 649, 653 (Okla. 1990), which held that "no action lies in manufacturers' products liability for injury only to the product itself resulting in purely economic loss." The court agreed with the reasoning of the United States Supreme Court in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986), that "whether stated in negligence or strict liability, no products-liability claim lies . . . when the only injury claimed is economic loss." *Id*. at 876. The Oklahoma Supreme Court further held in *Oklahoma Gas & Electric Co. v. McGraw-Edison Co.*, 834 P.2d 980, 982 (Okla. 1992), that a plaintiff may not recover in tort for damages categorized as "consequential harm flowing from" injury to the product itself. In *McGraw-Edison*, involving the explosion of a transformer, "damages for clean-up, repair and reinstallation of the transformer, rental and handling of a temporary transformer and lost profits" were found to be consequential economic losses. *Id*. at 981.

According to Defendant, Plaintiff's alleged injury falls squarely within the category of "purely economic loss" described by the Oklahoma Supreme Court. Defendant notes Plaintiff's alleged injuries include the cost of vehicle repair, loss of use of the vehicle, and

3

lower value of the vehicle and warranty.  *See* Compl. [Doc. No. 1], ¶¶ 16, 38, 52, 59, 73-74. Defendant contends these are exclusively injuries to the product and resulting consequential harms.  *See* Def.'s Reply Br. [Doc. No. 12], p.7.

Plaintiff argues the tort claims should be allowed to proceed under *Dutsch v. Sea Ray Boats, Inc.*, 845 P.2d 187, 193-94 (Okla. 1992), which held that if a plaintiff alleges "other damages," either personal injury or injury to other property, the plaintiff may recover under tort theories.  Plaintiff asserts the alleged damages in this case go beyond injury to the vehicle itself.  *See* Pl.'s Resp. Br. [Doc. No. 11], pp.6-7.  Relying on paragraph 67 of the Complaint, Plaintiff contends he and proposed class members "have been exposed to an unreasonable risk of harm" and have been "placed in an untenable situation in which they are unable to obtain prompt repair, leading to the stress and mental/emotional distress of being stuck with unsafe vehicles."  *See* Compl. [Doc. No. 1], ¶ 67.

The Court finds that Plaintiff's allegations of damage to the vehicle, loss of use, and costly repairs are properly categorized as economic injury to the allegedly defective product and consequential harms flowing from that injury.  Further, the Court finds that Plaintiff has failed to allege personal injury damages under *Dutsch* for two reasons:  1) under Oklahoma law, in order to recover mental or emotional distress damages there must be some form of physical injury, and Plaintiff has not alleged physical injury to himself or any third person resulting from Defendant's conduct;[1] and 2) Plaintiff has expressly excluded from the

---

[1] *See St. Louis & S.F. Ry. Co. v. Keiffer*, 150 P. 1026, 1028 (Okla. 1915) ("[N]o recovery can be had for mental suffering, which is not produced by, connected with, or the result of physical suffering or injury, to the person enduring the mental anguish"); *Ellington v. Coca Cola Bottling Co. of Tulsa*, 717 P.2d 109, 111
(continued...)

putative class "any persons who have suffered personal injuries as a result of the facts/defects alleged." *See* Compl. [Doc. No. 1], ¶ 38.

Because Plaintiff asserts injury to the allegedly defective product and consequential economic harm flowing from that injury, and because the allegations of the Complaint provide no basis for a recovery for personal injury or mental or emotional distress, the Court finds that Oklahoma's economic loss doctrine applies. Therefore, Plaintiff's tort claims of strict product liability and negligence must be dismissed.

**B.    Fraudulent Concealment Claim**

Plaintiff includes as Count VII of the Complaint a claim that Defendant knew the 6.7L Power Stroke diesel engine was defective "as early as the design phase," but did nothing to notify any purchasers of the defect; Plaintiff also asserts the "delay [in addressing the defect] was deliberate and calculated for the purpose of depriving consumers of knowledge of a dangerous defect . . . ." *See* Compl. [Doc. No. 1], ¶ 90. Plaintiff states such deliberate concealment of a known defect vitiates any statute of limitations defense. *Id.* ¶ 91. Defendant contends fraudulent concealment is not an actionable tort under Oklahoma law, and is not a claim upon which relief can be granted. *See* Def.'s Mot. & Br. [Doc. No. 8] pp.3-4.

"Fraudulent concealment constitutes an implied exception to the statute of limitations, and a party who wrongfully conceals material facts and thereby prevents a discovery of his

---

[1](...continued)
(Okla. 1986) (same); *Kraszewski v. Baptist Med. Ctr. of Oklahoma, Inc.*, 916 P.2d 241, 250 (Okla. 1996) ("Damages for mental anguish caused by witnessing the suffering of a third party may be compensable where the plaintiff also suffers physical injuries in the same accident which caused the third party's injuries.").

wrong . . . is not allowed to take advantage of his own wrong by pleading the statute . . . ." *Masquat v. DaimlerChrysler Corp.,* 195 P.3d 48, 54-55 (Okla. 2008) (internal quotation omitted). "[F]raudulent concealment is typically raised as a response to a statute of limitations defense, rather than as a separate claim for relief." *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556-CVE-PJC, 2008 WL 4570319, *3 (N.D. Okla. Oct. 10, 2008) (citing *Kansas City Life Ins. Co. v. Nipper*, 51 P.2d 741, 747 (Okla. 1935)). "Since a statute of limitations defense . . . has not been raised, [the] fraudulent concealment claim should be dismissed." *Id*.

Plaintiff acknowledges that fraudulent concealment is not a cause of action. Because Defendant has not raised a statute of limitations defense, the Court finds this aspect of Defendant's Motion should be granted.[2]

## C. Oklahoma Consumer Protection Act Claim

In Count V of the Complaint, Plaintiff alleges that Defendant violated the OCPA in three ways: 1) Defendant engaged in deceptive trade practices; 2) Defendant engaged in practices that are contrary to public policy; and 3) Defendant engaged in practices that are substantially injurious to consumers. *See* Compl. [Doc. No. 1], ¶¶ 80, 81, 82. Defendant contends Plaintiff's Complaint fails to specify how Defendant allegedly violated the OCPA. *See* Def.'s Mot. & Br. [Doc. No. 8] p.4.

Under Oklahoma law, "[a] person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act when, in the course of the person's

---

[2] In the event a statute of limitations defense is subsequently asserted, Plaintiff may address the issue of alleged fraudulent concealment at that time.

6

business, the person: . . . [c]ommits an unfair or deceptive trade practice as defined in Section 752 of this title." Okla. Stat. tit. 15, § 753(20). A deceptive trade practice means "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." *Id*. § 752(13). An unfair trade practice is defined as "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id*.

> Based on the statutory language, the four elements of a consumer's private action under the OCPA are: (1) that the defendant engaged in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury.

*Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000).

Defendant relies on *In re General Motors Corp.*, No. MDL 04-1600, 2005 WL 1924335, *3 (W.D. Okla. Aug. 8, 2005), where the court found "[t]he mere recitation of the statutory language without specification of the alleged unfair trade practices is insufficient to satisfy the notice pleading standard of Fed.R.Civ.P. 8."[3] Plaintiff argues the Complaint contains sufficient facts to support allegations of Defendant's violations of the OCPA, and stresses "[b]ecause the OCPA is remedial in nature it is to be liberally construed to effectuate its underlying purpose." *See Patterson*, 19 P.3d at 846.

---

[3] Defendant asserts that it is left to guess which of the "thirty-two separate unlawful practices" enumerated in the OCPA was purportedly violated in light of Plaintiff's vague allegations. *See* Def.'s Mot. & Br. [Doc. No. 8], p.5. However, Section 753(20) of the OCPA simply provides that a violation of the Act occurs when "an unfair or deceptive trade practice as defined in Section 752" is committed.

7

The Court finds that Plaintiff's allegations are minimally sufficient to avoid dismissal. First, Plaintiff asserts Defendant engaged in deceptive trade practices by "concealing from consumers a known defect without undertaking any effort to provide consumers with a reasonable remedy or solution that would protect their vehicles from undergoing unnecessary damage." *See* Compl. [Doc. No. 1], ¶ 80. Plaintiff contends Defendant knew of the defective engine system, failed to disclose that information to purchasers, and then omitted the defective component from the "bumper to bumper" warranty, misleading the purchasers to their detriment. *Id*.

Second, Plaintiff claims Defendant's practices were contrary to the public policy of vehicle safety. *Id.* ¶ 81. By designing, manufacturing, and selling defective vehicles and by failing to eliminate the risk to consumers by repairing the vehicles, Plaintiff contends Defendant engaged in conduct contrary to the goal of vehicle safety. *Id*.

Third, Plaintiff claims Defendant's practices are substantially injurious to consumers because it failed to recall the vehicles or inform purchasers of the defective design before preventable damage to the vehicles' engines occurred. *Id.* ¶ 82.

Plaintiff's allegations, accepted as true for purposes of the instant Motion, are sufficient to allow the Court to draw reasonable inferences of Defendant's liability for the alleged misconduct. The facts in Plaintiff's Complaint sufficiently allege all the elements that must be established to potentially prevail under the OCPA. Therefore, Plaintiff's OCPA claim has facial plausibility, and this aspect of Defendant's Motion must be denied.

**Conclusion**

For these reasons, the Court finds that Defendant is entitled to dismissal of Plaintiff's tort claims and Plaintiff's fraudulent concealment claim for failure to state a claim upon which relief can be granted, but Defendant is not entitled to dismissal of Plaintiff's OCPA claim because he has pleaded sufficient factual matter to state a plausible claim for relief. The Court also finds that Plaintiff need not be granted leave to amend his pleading.[4]

IT IS THEREFORE ORDERED that Defendant Ford Motor Company's Partial Motion to Dismiss [Doc. No. 8] is GRANTED as to Counts III, IV, and VII of Plaintiff's Complaint, and DENIED as to Count V of Plaintiff's Complaint.

IT IS SO ORDERED this 13th day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc*., 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep'' of Soc. & Rehab. Svcs*., 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989). Further, a plaintiff making "such a request 'must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment.'" *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (quoting *Calderon*, 181 F.3d at 1186-87). The scheduling order to be entered pursuant to Fed. R. Civ. P. 16(b)(1) will establish a deadline for motions to amend pleadings.

9